IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


ROBERT M. NEWELL,                        :

        Plaintiff,                 : Case No. 3:07cv412

  vs.                                    : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

        Defendant.                 :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS IN PART TO SAID JUDICIAL FILING (DOC. #13) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, MAKING NO FINDING AS TO WHETHER PLAINTIFF WAS UNDER A DISABILITY WITHIN THE MEANING OF THE ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER AND THE ADMINISTRATIVE LAW JUDGE, UNDER SENTENCE FOUR OF 42 U.S.C. SECTION 405(g), FOR FURTHER CONSIDERATION CONSISTENT WITH HER REPORT AND RECOMMENDATIONS; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On February 19, 2009, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated; that no finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act; and that the captioned cause be remanded to the Commissioner and the Administrative Law Judge, under Sentence Four of 42 U.S.C. Section 405(g), for further consideration consistent with her Report and Recommendations. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #12), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #5), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence and that, moreover, the Administrative Law Judge applied the incorrect legal criteria. The Plaintiff's Objections in part to said judicial filing (Doc. #13), to the extent he seeks a remand for the payment of benefits, are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a

different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. A remand for further proceedings, rather than one for the payment of benefits, is warranted, given that the evidence of disability for the closed period between December 21, 1997, and May 12, 2003, is not overwhelming, and because the evidence of a disability during that period is not strong, while contrary evidence is weak. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994). This Court agrees with the Magistrate Judge that the record contains an unresolved battle between the opinions of Plaintiff's treating physicians and those of the non-treating variety.

2. On remand, the Administrative Law Judge is directed to re-evaluate the medical source opinions of record under the proper legal criteria and to determine anew whether Plaintiff was under a disability within the meaning of the Social Security Act, for the closed period between December 21, 1997, and May 12, 2003.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their

entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence and was based upon an evaluation of the medical source opinions of record under incorrect legal criteria.  Plaintiff's Objections in part to said judicial filing (Doc. #13), to the extent he seeks a remand for the payment of benefits, rather than one for further administrative proceedings, are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the Commissioner's decision of non-disability; making no finding as to whether Plaintiff was under a "disability within the meaning of the Social Security Act and, therefore, entitled to benefits; and remanding the captioned cause to the Defendant Commissioner and the Administrative Law Judge, under Sentence Four of 42 U.S.C. Section 405(g), for further considerations set forth herein.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 30, 2009   /s/ Walter Herbert Rice
　　　　　　　　　　WALTER HERBERT RICE, JUDGE
　　　　　　　　　　UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal, Esq.
Steven B. Horenstein, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.