# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT NEWELL | : | |
| Plaintiff, | : | Case No. 3:07CV00412 |
| vs. | : | |
| | | District Judge Walter H. Rice |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B) (Doc. # 17), the Commissioner's response (Doc. # 18), and the record as a whole. Plaintiff's Motion for Attorney Fees (Doc. #17) has been referred to the undersigned Magistrate Judge for initial consideration and a Report and Recommendation. 28 U.S.C. §636(b).

## II. BACKGROUND

On February 19, 2009, a Report and Recommendation was issued recommending that Plaintiff's case be reversed and remanded pursuant to Sentence Four of 42 U.S.C. §

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

405(g) to (1) re-evaluate the medical source opinions of record under the legal criteria set forth in the Commissioner's Regulations, Rulings, and as required by case law; and (2) determine anew whether Plaintiff was under a disability and thus eligible to receive disability insurance benefits between December 21, 1997 and May 23, 2003. (Doc. # 12). On March 30, 2009, the District Court adopted the Report and Recommendation in its entirety, and judgment was entered in Plaintiff's favor. (Docs. #s 15, 16).

## III. DISCUSSION

### A. Standard of Review

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)).

The EAJA allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). Plaintiff became the "prevailing party" when he obtained a reversal and remand for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

The parties' present EAJA dispute in part concerns whether the Government's position in this case was "substantially justified" within the meaning of the EAJA.

"[S]ubstantially (i.e., for the most part) justified," under the EAJA, denotes a position that is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). A reasonable person could find the Government's position substantially justified if it rested on "a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2; *see Howard*, 376 F.3d at 554. Even if it ultimately lacked merit, if the Government's position rested on a reasonable basis in law and fact, it meets the substantial justification standard. *See Pierce*, 487 U.S. at 566 n.2; *see also Howard*, 376 F.3d at 554.

The EAJA places the burden on the Government to demonstrate that its position was substantially justified. *See Healey v. Leavitt*, 485 F.3d 63, 67 (2nd Cir. 2007); *see also Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007)(courts have "uniformly recognized" that this burden "must be shouldered by the Government.").[2]

**B.** **Analysis**

The Commissioner argues that Plaintiff's application for attorney fees should be rejected because the Government's position was substantially justified. (Doc. # 18, PageID #140). The Commissioner contends, "The lack of specificity in the ALJ's decision appears to be an articulation error that does not equate with a lack of substantial justification." (*Id.* at PageID #142). The Commissioner points out that the Court did not

---

[2] *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988).

accept all of Plaintiff's challenges to the ALJ's decision. For example, the Court found no error in the ALJ's decision at Step 3 of the sequential evaluation. The Commissioner concluded that "[b]ecause the government's position was substantially justified, i.e, the government's position had a reasonable basis in law and fact, Plaintiff's application for EAJA should be denied." (*Id.* at PageID #s142-43).

When viewed as a whole, the Commissioner's position in support of the ALJ's decision was not reasonably based in law. The ALJ did not weigh the opinions of Plaintiff's treating physicians under the correct legal standards. (Doc. # 12, PageID #101). The ALJ's assessment of the opinions of Plaintiff's treating physician, Dr. Pelfrey, fails to show that the ALJ considered Dr. Pelfrey's opinions under the treating physician rule using the standards required under 20 C.F.R. §404.1527(d)(2) and §404.1527(d)(2)-(6). Specifically, the ALJ failed to consider whether Dr. Pelfrey's opinions were supported by any explanation or if they were consistent with other evidence of record. (*Id*. at 101-02). In addition, the ALJ's decision does not contain a sufficient explanation that he considered the opinions of Plaintiff's treating neurologists, Drs. Forester and Valle, and his treating podiatrist Dr. Cowden, under the legal standards mandated by the Regulations. (*Id*. at 102). The ALJ, moreover, accepted the opinions of two nontreating physicians, Drs. Congbalay and Danopulos, without evaluating them under the factors required by the Regulations, e.g. supportability, consistency, specialization, etc. *See* 20 C.F.R. §404.1527(d), (f). *Id.*

Considering the ALJ's failure to properly follow Social Security Regulations, the

4

Commissioner's decision to support the ALJ's decision in this case was not "substantially justified." *Cf. Howard*, 376 F.3d at 554 ("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge is without substantial justification."); *see Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (Government's position not substantially justified where ALJ failed to comply with applicable Social Security regulation); *see also Fraction v. Bowen*, 859 F.2d 574, 575 (8th Cir. 1988) (claimant entitled to EAJA fees where government acted "contrary to clearly established circuit precedent").

### C. Amount of Attorney Fees and Expenses

Plaintiff requests a total award of $4,038.72 based on an hourly rate of $168.28 ($125.00 per hour, plus cost-of-living increases)[3] for 24 hours of work.

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Thus, "[p]laintiffs must 'produce satisfactory evidence – in addition to the attorney's own

---

[3] The EAJA generally permits a cost-of-living adjustment to an attorney's hourly rate. *See Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992).

5

affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Id. at 895 n.11 (quoting *Blum v. Stenson*, 465 U.S. 886, 898 (1984)).

A review of Plaintiff's Motion and supporting exhibits documentation reveals sufficient documentation and specificity to conclude that the cost of living increases she seeks are warranted for work counsel performed during the pertinent time periods. *See* Doc. #17, PageID #133 and attached Exhibits. Consequently, Plaintiff has shown that an increase in the cost of living supports the increase she seeks to an hourly rate above the statutory maximum attorney-fee rate. *See id.*

The Court next turns to the number of hours Plaintiff's counsel worked relative to the sentence four remand – i.e., the number of hours to which the $168.72 hourly rate applies. Counsel submits that she performed 24.00 hours of attorney work on this case. Almost all of this time was reasonable and compensable under the EAJA.

Counsel correctly includes in her total hours, the time she spent preparing the EAJA Motion. *See Commissioner v. Jean*, 496 U.S. 154, 162 (1990).

The Commissioner contends that the amount of time Plaintiff's counsel has indicated is not reasonable because counsel itemized her time in quarter-hour increments. (Doc. # 18, PageID #144). The Commissioner maintains that this method of recording time "tends to inflate fees." *Id.*

There is no blanket prohibition against quarter-hour billing entries; instead, courts review the specifically challenged billing entries to determine whether they were

reasonable. *See Kyser v. Apfel*, 81 F.Supp.2d 645, 647 (W.D.Va. 2000); *see also Carlisle v. Barnhart*, 2008 WL 420032 at *3 (S.D. Ohio 2008)(Rice, D.J.; Ovington, M.J.); *Sandoval v. Apfel*, 86 F.Supp.2d 601, 615 (N.D. Tex. 2000). Upon review of the entries challenged by the Commissioner together with all the entries submitted by Plaintiff's counsel, the entries and fees requested are reasonable (except as otherwise noted). Although it might have taken less than fifteen minutes to complete some individual tasks, it is equally likely that other tasks took longer than fifteen minutes. In addition, although the Commissioner contends that the quarter-hour increments sometimes involved work that was routine in nature, the Court finds that much of the attorney-work performed by counsel cannot be fairly characterized in this manner. For example, time spent by Plaintiff's attorney drafting briefs, such as Plaintiff's Statement of Errors and Reply, required a detailed assessment of the administrative record. The amount of time, moreover, that counsel spent on this type of work was reasonable, particularly given the complex regulations involved in social security cases and the difficult burden placed on Plaintiff when attempting to show that the ALJ's decision must be vacated and remanded.

The Commissioner next contends that the Government should not be billed for time Plaintiff's counsel spent seeking extensions of scheduling deadlines. The Court agrees. It is unreasonable to ask the Commissioner to compensate counsel for an hour and fifteen minutes of her time spent obtaining an extension of time that she needed to file her Statement of Errors. *See Burr v. Bowen,* 782 F.Supp. 1285, 1290 (N.D.Ill. 1992). Plaintiff's hours should therefore be reduced by 1.25 hours for the following entries:

April 24, 2008 (.25 hours), April 26, 2008 (.25 hours), June 4, 2008 (.25 hours), and June 23, 2008 (preparation of instanter motion and receipt of notation order) (.50 hours).

Lastly, the Commissioner argues that counsel's entry of 1 hour related to the Complaint is excessive. (Doc. #18, PageID #144). The Court agrees. Plaintiff's Complaint appears to derive from a form with the significant information added. Counsel's billing entry states, "CREATE: Complaint to SSA Commissioner." (Doc. #17, PageID #138). It was not reasonable for counsel – particularly one as experienced and knowledgeable as Plaintiff's counsel – to spend one full hour performing such work when ½ hour would have reasonably sufficed. Accordingly, the number of hours Plaintiff requests must be reduced by ½ hour. *Cf. Davenport v. Astrue*, 2008 WL 2691115 at *8 (N.D. Ind. 2008)(attorney may not obtain fees for time spent on clerical tasks).

In light of the above, the Court finds that Plaintiff is entitled to attorney fees for 22.25 hours of work at an hourly rate of $168.28 for a total of $3,774.23.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion for an Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. #17) be GRANTED;

2. The Commissioner be ordered to pay Plaintiff's attorney fees and costs in the total amount of $3,774.23; and

3. The case remain terminated on the docket of this Court.

March 20, 2012　　　　　　　　　　　　　　　　s/Sharon L. Ovington
　　　　　　　　　　　　　　　　　　　　　　　Sharon L. Ovington
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981);